## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLES E. TURNER, JR.,              )
                                     )
                   Petitioner,       )
                                     )
        v.                           )     1:10CV570
                                     )
SUPERINTENDENT HERON, Scotland       )
Correctional Inst.,                  )
                                     )
                   Respondent.       )

FILED
AUG 24 2010
IN THIS OFFICE
Clerk, U.S. District Court
Greensboro, N.C.
By

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner's Declaration and Request to Proceed In Forma Pauperis (Docket Entry 6). For the reasons that follow, the Court will deny Petitioner's request at this time, but without prejudice to Petitioner filing a new request along with a proper Petition or Complaint.

### BACKGROUND

On July 23, 2010, this Court docketed Petitioner's handwritten, pro se document captioned (as to the parties) as reflected above and styled as a "Petition For Writ of Habeas Corpus: 2254." (Docket Entry 2 at 1.)[1] In that filing, Petitioner sought a "Writ of Habeas Corpus to remove the burden placed upon

---

[1] Petitioner gave his address as at Scotland Correctional Institution and listed "0633280" as his "ID#." (Docket Entry 2 at 2.) According to public records of the North Carolina Department of Correction, on November 27, 2007, in Guilford County, Petitioner was convicted of six felonies (speeding to elude arrest, assault with a deadly weapon on a government officer, receiving a stolen vehicle, identity fraud/theft, breaking and entering, and possessing stolen goods) and one misdemeanor (child abuse), as well as with being a habitual felon, and was sentenced to a total maximum prison term of approximately 42 years, see http://www.doc.state.nc.us/offenders ("Offender Information-Public Search" for Charles E. Turner, No. 0633280, last performed Aug. 19, 2010).

[him] through the prison disciplinary process without notice and or hearing as provided by law." (Id. at 1.)[2] In support of that request, Petitioner set out the following allegations:

> On July 7(?), 2010[,] I, Charles Turner[,] was found guilty of an A-17 offense, refusal to submit to a drug test. All imposed sanctions were suspended and could be imposed if I committed new offenses within 120 days. I did not commit a new offense.
>
> On July 20, 2010[,] I, Charles Turner, was placed in segregation for the A-17 offense shown supra. I was not given notice, a hearing, nor any documentation for activating my suspended sentence. My disciplinary rights have been violated[.] The D.O.C. policy for violating an inmates [sic] disciplinary rights is dismissal. My rights were also violated by the initial suspension of the A charge. I appealed.

(Id. (parenthetical with question mark in original).)

At the same time, the Court docketed a document labeled as an "Application to Proceed In Forma Pauperis," in which Petitioner stated that he was "declared indigent by this Court in Case # 01:08:CV:884 Turner v. Beck." (Docket Entry 1 at 1.) In that case, Petitioner filed a pro se form Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody challenging the sentence imposed as a result of his guilty pleas to state offenses in Guilford County on November 27, 2007. See Turner v. Beck, No. 1:08CV884 (M.D.N.C.) (petition filed Dec. 8, 2008).[3]

---

[2] Petitioner utilizes all capital letters when he writes, but the Court will reproduce his words using standard capitalization conventions.

[3] This Court, per Chief United States District Judge James A. Beaty, Jr., granted summary judgment against Petitioner in said case, except as to his claim(s) regarding the circumstances of the alleged alteration of his state court plea agreement form to provide for three consecutive prison sentences of 133 to

On August 2, 2010, the undersigned United States Magistrate Judge recommended dismissal without prejudice of Petitioner's instant action because, inter alia, Petitioner had failed to submit the required filing fee or a sufficient *in forma pauperis* affidavit and had failed to use proper forms for bringing a habeas corpus action under 28 U.S.C. § 2254. (Docket Entry 3 at 1-2.) As part of that Recommendation, the Clerk was directed "to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition . . . ." (Id. at 2.)

On August 6, 2010, the Court docketed Petitioner's instant Declaration and Request to Proceed in Forma Pauperis (Docket Entry 6) and Petitioner's Objection to Magistrates [sic] Recommendation (Docket Entry 5). In the latter document, Petitioner stated that "the 2254 form provided by the Clerk . . . [is] designed for criminal convictions. Petitioner is requesting relief from prison conditions. There is no space on the forms provided to object to the conditions of confinement." (Docket Entry 5 at 1.)

## DISCUSSION

"The federal *in forma pauperis* statute, first enacted in 1892 [now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his

---

169 months, rather than a single consolidated prison term of 133 to 169 months. See Turner v. Beck, No. 1:08CV884, at 3-4 (M.D.N.C. Sept. 14, 2009). The surviving claim(s) were the subject of an evidentiary hearing (at which Petitioner had the benefit of appointed counsel) and the disposition thereof remains pending. See Turner v. Beck, No. 1:08CV884 (M.D.N.C.) (Docket Entry 31; Docket Entries dated Dec. 17, 2009, to present).

3

poverty makes it impossible for him to pay or secure the costs.'"
Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir.
1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S.
331, 342 (1948)). "Dispensing with filing fees, however, [is] not
without its problems. Parties proceeding under the statute d[o]
not face the same financial constraints as ordinary litigants. In
particular, litigants suing in forma pauperis d[o] not need to
balance the prospects of successfully obtaining relief against the
administrative costs of bringing suit." Nagy v. Federal Med. Ctr.
Butner, 376 F.3d 252, 255 (4th Cir. 2004). Accord In re McDonald,
489 U.S. 180, 184 (1989) ("[P]aupers filing pro se petitions are
not subject to the financial considerations . . . that deter other
litigants from filing frivolous petitions.").

To address this concern, the in forma pauperis statute
provides that "the court shall dismiss the case at any time if the
court determines that - . . . (B) the action or appeal - (i) is
frivolous or malicious; (ii) fails to state a claim on which relief
may be granted; or (iii) seeks monetary relief against a defendant
who is immune from such relief." 28 U.S.C. § 1915(e)(2).[4] The
Rules applicable to habeas corpus actions by state prisoners
similarly direct that, "[i]f it plainly appears from the petition
and any attached exhibits that the petitioner is not entitled to

---

[4] A pleading "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

4

relief in the district court, the judge must dismiss the petition," Rule 4, Rules Governing Sect. 2254 Cases.[5] In making screening assessments of these sorts, courts should "apply common sense." Nasim, 64 F.3d at 954.

Accordingly, in order to assess the propriety of granting Petitioner's request for *in forma pauperis* status, the Court must evaluate the facial viability of his instant action. To carry out that task, the Court first must identify the basis on which Petitioner grounds this action and then must determine if he has presented sufficient allegations to proceed with such an action. Because the Court concludes Petitioner has failed to allege matters adequate to support an action of the type proposed, the Court will not grant his instant request to proceed *in forma pauperis*, but will attempt to offer Petitioner guidance about options for clarifying his intentions and pursuing this matter.

*Identification of the Basis for Petitioner's Action*

Although Petitioner's initial filing (even as clarified in his objections to the Recommendation) leaves substantial questions about the exact nature of his request for relief, it is clear that Petitioner complains about something related to his state imprisonment. "Federal law opens two main avenues to relief on complaints [by state prisoners] related to imprisonment:  a

---

[5] The United States Court of Appeals for the Fourth Circuit has taken note of the analogous nature of the inquiry under Section 1915(e) and Rule 4. See Hill v. Braxton, 277 F.3d 701, 706 n.3 (4th Cir. 2002).

petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004). In this case, Petitioner clearly manifested an intent to file a habeas corpus petition under 28 U.S.C. § 2254. (See Docket Entry 2 at 1.)

"Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Castro v. United States, 540 U.S. 375, 381 (2003). "They may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." Id. at 381-82 (internal citations omitted). However:

> [T]he proper scope of recharacterization ha[s] been narrowed as a result of the changed landscape caused by the Prison Litigation Reform Act of 1996 (PLRA) and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). There are pitfalls of different kinds for prisoners using the wrong vehicle. If a person files a habeas corpus petition that should be presented under other statutes, he or she may be subject to the three-strikes rule of the PLRA and somewhat different exhaustion requirements. Other important differences include the identity of the defendant . . ., the amount of the filing fee, the way in which exhaustion must be accomplished, and the type of restriction on successive lawsuits. In most cases, therefore, the district court should evaluate cases as the plaintiffs label them.

Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005) (internal brackets, citations, ellipses, and quotation marks omitted)

(emphasis added).

No basis exists to deviate from the general rule that the Court should evaluate this case under the statutory authority explicitly identified by Petitioner. Notably, Petitioner has named as the defendant the prison superintendent, rather than the individual(s) directly involved in any alleged unlawful action. The petition thus is "not amenable to conversion . . . [because the prison superintendent] would almost surely not be the proper defendant if the district court were to convert [the instant] petition into a civil rights claim [under Section 1983] . . . ." Id. at 389. Accordingly, in determining whether to approve Petitioner's instant request to proceed *in forma pauperis*, the Court will assess the viability of his action under 28 U.S.C. § 2254, the vehicle Petitioner expressly chose (and as to which the prison superintendent represents the proper respondent, see Rule 2(a), Rules Governing Sect. 2254 Cases).

*Evaluation of the Viability of Petitioner's Habeas Action*

The right to habeas corpus review springs from the United States Constitution. See Immigration and Naturalization Serv. v. St. Cyr, 533 U.S. 289, 300 (2001) ("Article I, § 9, cl. 2, of the Constitution provides: 'The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.'"); Murray v. Carrier, 477 U.S. 478, 500 (1986) ("The writ emerged in England several

centuries ago, and was given explicit protection in our Constitution." (internal footnote omitted)). "[O]ver the years, the writ of habeas corpus evolved as a remedy available to effect discharge from any confinement contrary to the Constitution or fundamental law, even though imposed pursuant to conviction by a court of competent jurisdiction." Preiser v. Rodriguez, 411 U.S. 475, 485 (1973). However, "[a]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." St. Cyr, 533 U.S. at 301 (emphasis added). Accordingly, "unless Congress acts to suspend it, the Great Writ of habeas corpus . . . serv[es] as an important judicial check on the Executive's discretion in the realm of detentions." Hamdi v. Rumsfeld, 542 U.S. 507, 536 (2004) (emphasis added).

"[T]he first Congress made the writ of habeas corpus available only to prisoners confined under the authority of the United States, not under state authority." Felker v. Turpin, 518 U.S. 651, 663 (1996). "In 1867, Congress provided the writ of habeas corpus for state prisoners; the Act gave federal courts power to grant writs of habeas corpus in all cases where any person may be restrained of his or her liberty in violation of the Constitution, or any treaty or law of the United States." Murray, 477 U.S. at 500 (internal footnote and quotation marks omitted). Since 1948, the "authority to grant habeas relief to state prisoners [has been]

limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'" <u>Felker</u>, 518 U.S. at 662 (quoting 28 U.S.C. § 2254(a)).[6]

The question for the Court, therefore, becomes whether a request for relief of the sort Petitioner has made is cognizable in a habeas corpus action under Section 2254. As noted above, Petitioner seeks a "Writ of Habeas Corpus to remove the <u>burden</u> placed upon [him] through the prison disciplinary process without notice and or hearing as provided by law." (Docket Entry 2 at 1 (emphasis added).) Petitioner does not identify clearly the "burden" of which he complains, although (based on his further

---

[6] The bulk of the federal statutory provisions related to habeas corpus matters are codified in "Chapter 153 of Title 28 of the United States Code." <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). Within this Chapter lies Section 2241, the provisions of which trace directly back to both the first Congress's codification of habeas corpus and the 1867 Congress's statutory expansion of the writ, <u>see</u> <u>Felker</u>, 518 U.S. at 659-60 & nn.1-2, as well as the now more-commonly invoked Sections 2254 and 2255, <u>see</u> <u>Vial</u>, 115 F.3d at 1194. "Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through [Section] 2254. Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to [Section] 2255." <u>Id.</u> However, in some cases, convicted state and federal prisoners can proceed directly under Section 2241 (rather than Sections 2254 or 2255, respectively), as do other persons in custody though not convicted; uncertainty over these statutory boundaries has spawned substantial litigation, for example: "[W]here a state inmate is challenging the execution of his state court sentence, circuit courts are split on whether 28 U.S.C. § 2241 or 2254 is the proper statute under which a state inmate should proceed." <u>Ford v. Ozmint</u>, C/A No. 4:08-450-CMC-TER, 2009 WL 250022, at *1 n.1 (D.S.C. Feb. 2, 2009) (unpublished). The United States Court of Appeals for the Fourth Circuit has noted this divide, but not staked out its position. <u>See</u> <u>Gregory v. Coleman</u>, 218 Fed. Appx. 266, 267 & n.* (4th Cir. 2007). Although the technical issue of whether Section 2241 is available in a particular case (in lieu of Section 2254) often carries dispositive significance, <u>see</u> <u>Martin v. Johnson</u>, No. 7:07CV436, 2007 WL 2746962 (W.D. Va. Sept. 20, 2007) (unpublished), on other occasions, it does not, <u>see</u> <u>Crowe v. South Carolina Dep't of Corr.</u>, C/A No. 4:08-2955-CMC-TER, 2008 WL 4831484, at *1 n.1 (D.S.C. Nov. 4, 2008) (unpublished). Because this case appears to fall into the latter category, the Court will not focus on the subject noted in <u>Gregory</u> at this time.

allegations) it appears to consist of certain "sanctions," including "place[ment] in segregation," imposed by prison officials as discipline for Petitioner's alleged misconduct while in custody. (Id.) In his objections to the Recommendation of dismissal without prejudice, Petitioner characterizes his request as seeking "relief from prison conditions." (Docket Entry 5 at 1.)

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad, 540 U.S. at 750 However, "[s]ome cases are hybrids . . . ." Id. Accord Gonzalez-Fuentes v. Molina, 607 F.3d 864, 873 (1st Cir. 2010) (describing case as "example of the difficult intermediate case where an inmate is seeking neither a change in conditions nor an earlier release, but rather a less restrictive form of custody" (internal brackets and quotation marks omitted)); Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991) ("The difficult intermediate case is where the prisoner is seeking not earlier freedom, but transfer from a more to a less restrictive form of custody.").

The United States Supreme Court first commented on such "hybrid" cases in Preiser, wherein it ruled that habeas corpus actions represent the only avenue to federal court for "state prisoners who were deprived of good-conduct-time credits by [state prison officials] as a result of disciplinary proceedings." Id. at

476, 500. <u>Accord</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 79 (2005) ("Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of physical confinement' and thus lies at 'the core of habeas corpus.'" (internal citations and ellipses omitted) (quoting <u>Preiser</u>, 411 U.S. at 487-88)). <u>See also</u> <u>Pierce v. Freeman</u>, No. 95-7031, 1997 WL 467533, at *1-2 (4th Cir. Aug. 15, 1997) (unpublished; decision without opinion, 121 F.3d 699) ("[A] prisoner seeking the restoration of good time credits in federal court may only do so by way of writ of habeas corpus. Neither can [a prisoner] proceed on [a] claim for monetary damages for the alleged deprivation of good-time credits without due process of law. . . . [S]uch claims, if proven, would necessarily imply the invalidity of the revocation of [the] good time credits . . . and are consequently barred under the rule announced in [<u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994)]." (citing <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997)) (internal citations omitted)).

In reaching that result, the Supreme Court distinguished prior "decisions upholding the right of state prisoners to bring [Section 1983] actions to challenge the conditions of their confinement," on the ground that, unlike the petitioners seeking reinstatement of good-conduct-time credits, "none of the state prisoners in those cases was challenging the fact or duration of his physical confinement itself, and none was seeking immediate release or a

speedier release from that confinement - the heart of habeas corpus." <u>Preiser</u>, 411 U.S. at 498. It, however, added: "This is not to say that habeas corpus may not also be available to challenge such prison conditions. <u>See</u> <u>Johnson v. Avery</u>, 393 U.S. 483 (1969); <u>Wilwording v. Swenson</u>, [404 U.S. 249 (1971)]. When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal." <u>Preiser</u>, 411 U.S. at 498 (internal parallel citations omitted).[7] Finally, the Supreme Court declared that, even where a "petitioner's challenge to his custody is that . . . he is unlawfully confined in the wrong institution, as in <u>In re Bonner</u>, 151 U.S. 242 (1894), and <u>Humphrey v. Cady</u>, 405 U.S. 504 (1972)[,] . . . his grievance is that he is being unlawfully subjected to physical restraint . . .

---

[7] In <u>Johnson</u>, a state prisoner filed "a 'motion for law books and a typewriter,' in which he sought relief from his confinement in the maximum security building. The District Court treated this motion as a petition for a writ of habeas corpus and, after a hearing, ordered him released from disciplinary confinement and restored to the status of an ordinary prisoner." <u>Johnson</u>, 393 U.S. at 484. The United States Court of Appeals for the Sixth Circuit reversed that order, but the Supreme Court countermanded the reversal. <u>Id.</u> at 485, 490. In <u>Wilwording</u>, prisoners aggrieved by "living conditions and disciplinary measures while confined in maximum security at Missouri State Penitentiary, . . . sought federal habeas corpus . . .[, but] [t]he District Court dismissed the petitions and the Court of Appeals for the Eighth Circuit affirmed [for non-exhaustion of state remedies]." <u>Wilwording</u>, 404 U.S. at 249-50. The Supreme Court reversed on two grounds: 1) petitioners had sufficiently pursued available state remedies; and 2) "<u>although cognizable in federal habeas corpus</u>, petitioners' pleading may also be read to plead causes of action under [Section 1983] . . . not [then] subject . . . to exhaustion requirements." <u>Id.</u> at 250-51 (emphasis added). The United States Court of Appeals for the Fourth Circuit has cited <u>Johnson</u> and <u>Wilwording</u> as authority for "hold[ing] there is federal habeas corpus jurisdiction over the complaint of a federal prisoner who is challenging not the validity of his original conviction, but the imposition of segregated confinement without elementary procedural due process and without just cause." <u>McNair v. McCune</u>, 527 F.2d 874, 875 (4th Cir. 1975).

[and] habeas corpus has been accepted as the specific instrument to obtain release from such confinement." _Preiser_, 411 U.S. at 486 (internal parallel citations omitted).[8]

In light of _Presier_, the United States Court of Appeals for the Seventh Circuit adopted "the following generalization":

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody - whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation - then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks.

_Graham_, 922 F.2d at 381 (emphasis added). _Accord_ _Streeter v. Hopper_, 618 F.2d 1178, 1181 (5th Cir. 1980) ("Plaintiffs' original complaint, seeking release from the imposition of administrative segregation without due process, would be appropriately treated as a habeas corpus petition . . . ."). The United States Court of

---

[8] In _Bonner_, the petitioner was convicted in a federal court for an offense committed in Indian Territory, but was sentenced to serve the one-year custody sentence at a state penitentiary because no federal facility existed nearby; the Supreme Court granted habeas corpus relief because it found such placement inconsistent with federal law. _See_ _Bonner_, 151 U.S. at 242-43, 254-55. In _Humphrey_, the Supreme Court ordered an evidentiary hearing as to equal protection claims presented by a habeas petitioner convicted in a state court of a sex offense and then detained in lieu of and beyond the length of his prison term pursuant to a state civil commitment statute applicable to sex offenders; the issues raised by the petitioner included the assertion that state officials should have placed him in a mental hospital rather than a prison during any civil commitment. _See_ _Humphrey_, 405 U.S. at 506, 514. The _Humphrey_ Court specifically observed that, "[i]n [his] petition for federal habeas corpus, [the petitioner] seeks to challenge the constitutional validity of the statutory procedures for commitment and the conditions of his confinement." _Id._ at 506 (emphasis added).

Appeals for the Fourth Circuit has cited with approval the Seventh Circuit's "quantum change in the level of custody" language. <u>See</u> <u>Plyler v. Moore</u>, 129 F.3d 728, 733 (4th Cir. 1997).

Given the foregoing authority, the Court concludes that:

1) to the extent Petitioner complains that state prison officials have stripped him of previously-earned, good-conduct credits in an unlawful manner, he <u>must</u> proceed under Section 2254;

2) to the extent Petitioner contends that state prison officials' unlawfully imposed a "quantum change in the level of [his] custody," <u>Graham</u>, 922 F.2d at 381, he <u>may</u> pursue <u>either</u> a habeas corpus action or a Section 1983 action;[9] and

---

[9] The Court acknowledges that the Supreme Court recently commented that it "has never followed the speculation in <u>Preiser</u> that [a] prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983," <u>Muhammad</u>, 540 U.S. at 751 n.1 (internal citation omitted). In <u>Muhammad</u>, a state prisoner filed a Section 1983 action against a guard for allegedly lodging a false (and retaliatory) disciplinary charge that resulted in six days of pre-hearing "special detention" for the prisoner. <u>See</u> <u>id.</u> at 751-53. In questioning the continued vitality of <u>Preiser</u>'s commentary on habeas corpus jurisdiction, the <u>Muhammad</u> Court noted that the issue of habeas corpus jurisdiction had not been "raised" in the case before it. <u>Id.</u> at 751 n.1. That fact, as well as the fact that the Supreme Court decided <u>Muhammad</u> summarily without argument, weighs against treating said opinion as a definitive statement about the availability of habeas corpus review for state prisoners aggrieved by institutional punishment that substantially affects the nature of their custody. Notably, after <u>Muhammad</u>, Justices that joined in said opinion cited with approval the Seventh Circuit's "quantum change in the level of custody" approach to habeas corpus jurisdiction (that followed the relevant <u>Preiser</u> dicta). <u>See</u> <u>Wilkinson</u>, 544 U.S. at 86 (Scalia, J., concurring) (joined by Thomas, J.) (discussing <u>Graham</u>, 922 F.2d at 381). Moreover, other courts continue to find the Seventh Circuit's statement on point persuasive. <u>See</u> <u>Gonzalez-Fuentes</u>, 607 F.3d at 873. In the end, this Court has no way of predicting how the Supreme Court might rule upon the question at issue if squarely presented. However, for reasons stated above, the Court is persuaded that Supreme Court decisions, including <u>Preiser</u> and the cases on which it relied (i.e., <u>Johnson</u>, <u>Wilwording</u>, <u>Bonner</u>, and <u>Humphrey</u>), and other persuasive authority (i.e., <u>Graham</u>) support the view that habeas corpus affords an avenue for relief in the circumstances described above. As a final matter, the Court notes that prison discipline would appear to constitute "executive" (rather than "judicial") punishment and thus, to the extent said discipline involves imposition of custody distinct from that otherwise faced by a prisoner, such action arguably lies at the historical heart of habeas corpus jurisdiction. <u>See</u> <u>Hamdi</u>, 542 U.S. at 536; <u>St. Cyr</u>, 533 U.S. at 301.

3) to the extent Petitioner seeks redress for any other sanctions (including any claim that prison discipline has harmed his ability to secure good-conduct credits on a going-forward basis), Section 2254 fails to provide a vehicle for relief (and he must pursue any claim via Section 1983).

The Court further finds that the petition in this case does not allege matters sufficient to allow Petitioner's instant habeas corpus action to proceed at this time. As to good-conduct credit, the Petition is silent. Regarding his level of custody, Petitioner has alleged only that the contested sanctions included a "segregation" placement. Subsequent to <u>Preiser</u> (and <u>Graham</u>), the Supreme Court held that, in general, "a prisoner incarcerated as a result of a criminal sentence ha[s] no liberty interest in being free from segregated confinement imposed as a disciplinary measure . . . [because] such discipline 'falls within the expected perimeters of the sentence imposed by a court of law.'" <u>Rapier v. Harris</u>, 172 F.3d 999, 1002 n.2 (7th Cir. 1999) (quoting <u>Sandin v. Conner</u>, 515 U.S. 472, 485 (1995)). The Supreme Court left open only the possibility that a liberty interest could arise for a sentenced prisoner placed in segregation if the conditions of that confinement "'impose[d] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" <u>Bevarati v. Smith</u>, 120 F.3d 500, 502 (4th Cir. 1997) (quoting <u>Sandin</u>, 515 U.S. at 484). Accordingly, to pursue a habeas corpus

action (or a Section 1983 claim) based on a segregation placement, Petitioner must present allegations that he faced "atypical and significant hardship," id., beyond that associated with solitary confinement in general. See Sylvester v. Hanks, 140 F.3d 713, 714 (7th Cir. 1998) ("Although dramatically more restrictive confinement may be contested in a collateral attack under § 2254, recent cases . . . imply that the difference between a prison's general population and segregation does not implicate a 'liberty' interest – and therefore could not be 'custody' for purposes of § 2254." (internal citations omitted) (citing Graham and Sandin)).

*Options for Petitioner Going Forward*

If Petitioner wishes to pursue this matter, he should file either a new petition under Section 2254 that complies with the limitations on habeas corpus jurisdiction identified above or a complaint under Section 1983 (which he must do if he seeks relief as to subjects to which the habeas corpus writ does not run). In his objections to the Recommendation of dismissal, Petitioner objected that the Section 2254 form previously forwarded to him by the Clerk was designed for attacks on a judicial conviction or sentence. The Court acknowledges that the form in question is geared toward habeas corpus claims of that sort; however, Petitioner still can utilize the form to state cognizable challenges regarding prison discipline. For example, in section 12 on pages 6-12 of the 2254 form, Petitioner can identify the grounds

on which he contends prison officials unlawfully stripped him of good-conduct credit or subjected him to a quantum change in the level of his custody (if he makes either such contention), the facts supporting those claim(s), and any explanation for any failure on his part to exhaust state remedies as to those matters.

In addition, the Court will direct the Clerk to send Petitioner standard forms for a complaint under Section 1983, as well as instructions for completing and filing such a form complaint. If Petitioner chooses to submit a new petition under Section 2254 or a complaint under Section 1983, he either may pay the appropriate filing fee or he must tender a new request to proceed *in forma pauperis*. The Court also will direct the Clerk to send Plaintiff new forms for making such an application.

CONCLUSION

Petitioner seeks relief pursuant to 28 U.S.C. § 2254, but his petition lacks a sufficient basis to survive even preliminary scrutiny. As a result, Petitioner cannot proceed *in forma pauperis* at this time. Petitioner may re-submit an *in forma pauperis* request with a new Section 2254 petition or Section 1983 complaint.

**IT IS THEREFORE ORDERED** that Petitioner's Declaration and Request to Proceed In Forma Pauperis (Docket Entry 6) is **DENIED**, but without prejudice to Petitioner filing a new request along with a proper petition under 28 U.S.C. § 2254 or a proper complaint under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that the Clerk shall send Petitioner a copy of the form for filing a complaint under 42 U.S.C. § 1983, the instructions for completing and filing that form complaint, and an application to proceed *in forma pauperis*.

<pre>
                         /s/ L. Patrick Auld
                            L. Patrick Auld
                    United States Magistrate Judge
</pre>

August 24, 2010

Attachment to August 24, 2010 Order

1:10CV570

<u>Turner v. Heron</u>

# CHARLES TURNER

**Offender ID:** 0633280
**Inmate Status:** ACTIVE
**Probation/Parole/Post Release Status:** INACTIVE
**Gender:** MALE
**Age:** 30
**Race:** BLACK
**Current Location:** SCOTLAND CI



## Name(s) Of Record

| Last Name | Suffix | First Name | Middle Name | Name Type |
|---|---|---|---|---|
| TURNER | | CHARLES | | COMMITTED |
| TURNER | | CHARLES | EDWARD | COMMITTED |
| TURNER JR | | CHARLES | EDWARD | COMMITTED |

## Most Recent Incarceration Summary

**Incarceration Status:** ACTIVE
**Conviction Date:** 11/27/2007
**Primary Crime:** HABITUAL FELON (PRINCIPAL)
**Special Characteristics:** REGULAR
**Admission Date:** 11/29/2007
**Control Status:** REGULAR POPULATION
**Custody Classification:** CLOSE
**Number Of Infractions:** 12
**Current Location:** SCOTLAND CI
**Last Movement :** NOT PUBLIC INFORMATION

**Total Incarceration Term:** 42 YEARS 3 MONTHS
**Projected Release Date:** 09/15/2040
**Crime Type:** FELON

**Admission Facility:** CENTRAL PRISON
**Next Control Review:** UNKNOWN
**Next Custody Review:** 11/01/2010
**Last Infraction Date:** 07/29/2010
**Previous Location:** NOT PUBLIC INFORMATION
**Last Movement Date:** 07/18/2010

**Detainers?:** N       **Escapes?:** N

## Offender Sentence History

| Sentence Number: BD-001 | Most Recent Period of Incarceration Record | Commitment Type: INMATE |
|---|---|---|

# Offender Sentence History

| Commitment | Docket# | Offense (Qualifier) | Offense Date | Type | Sentencing Penalty class Code |
|---|---|---|---|---|---|
| INITIAL | 07024565 | HABITUAL FELON (PRINCIPAL) | 06/06/2007 | FELON | CLASS C |
| CONSOLIDATED FOR JUDGMENT | 07090877 | SPEED ELUDE ARREST/ATTEMPT/SEC (PRINCIPAL) | 06/06/2007 | FELON | CLASS H |

Conviction Date: 11/27/2007
County Of Conviction: GUILFORD
Service Status: ACTIVE
Sentence Begin Date: 11/27/2007
Sentence Status: ACTIVE
Actual Release Date:
Punishment Type: ACTIVE SS
Projected Release Date: 07/23/2018
Sentence Type 1: DEPT OF CORR DIV OF PRISONS
Sentence Type 2: HABITUAL FELON
Minimum Term: 11 YEARS 1 MONTH

Maximum Term: 14 YEARS 1 MONTH

**Sentence Number: BD-002**
Conviction Date: 11/27/2007
Commitment Type: INMATE
Service Status: FUTURE
County Of Conviction: GUILFORD
Sentence Status: ACTIVE
Sentence Begin Date: 07/23/2018
Punishment Type: ACTIVE SS
Actual Release Date:
Sentence Type 1: DEPT OF CORR DIV OF PRISONS
Projected Release Date: 08/19/2029
Sentence Type 2: HABITUAL FELON
Minimum Term: 11 YEARS 1 MONTH

Maximum Term: 14 YEARS 1 MONTH

| Commitment | Docket# | Offense (Qualifier) | Offense Date | Type | Sentencing Penalty class Code |
|---|---|---|---|---|---|
| CONSECUTIV TO SENTENCE NUMBER BD-001 | 07024565 | HABITUAL FELON (PRINCIPAL) | 06/06/2007 | FELON | CLASS C |
| CONSOLIDATED FOR JUDGMENT | 07090873 | AWDW GOV OFFICERS/EMPLOYEES (PRINCIPAL) | 06/06/2007 | FELON | CLASS F |

**Sentence Number: BD-003**
Conviction Date: 11/27/2007
Commitment Type: INMATE
Service Status: FUTURE
County Of Conviction: GUILFORD
Sentence Status: ACTIVE
Sentence Begin Date: 08/19/2029
Punishment Type: ACTIVE SS
Actual Release Date:
Sentence Type 1: DEPT OF CORR DIV OF PRISONS
Projected Release Date: 09/15/2040
Sentence Type 2: HABITUAL FELON
Minimum Term: 11 YEARS 1 MONTH

Maximum Term: 14 YEARS 1 MONTH

# Offender Sentence History

| Commitment | Docket# | Offense (Qualifier) | Offense Date | Type | Sentencing Penalty Class Code |
|---|---|---|---|---|---|
| CONSECUTIV TO SENTENCE NUMBER BD'002 | 07024560 | HABITUAL FELON (PRINCIPAL) | 05/01/2007 | FELON | CLASS C |
| CONSOLIDATED FOR JUDGMENT | 07024563 | HABITUAL FELON (PRINCIPAL) | 06/06/2007 | FELON | CLASS C |
| CONSOLIDATED FOR JUDGMENT | 07024564 | HABITUAL FELON (PRINCIPAL) | 06/06/2007 | FELON | CLASS C |
| CONSOLIDATED FOR JUDGMENT | 07090874 | RECEIVING STOLEN VEHICLE (PRINCIPAL) | 06/06/2007 | FELON | CLASS H |
| CONSOLIDATED FOR JUDGMENT | 07090878 | IDENTITY FRAUD/THEFT (PRINCIPAL) | 05/31/2007 | FELON | CLASS H |
| CONSOLIDATED FOR JUDGMENT | 07091354 | FELONY B&E (PRINCIPAL) | 05/01/2007 | FELON | CLASS H |
| CONSOLIDATED FOR JUDGMENT | 07091356 | POSSESSING STOLEN GOODS (PRINCIPAL) | 06/06/2007 | FELON | CLASS H |
| CONSOLIDATED FOR JUDGMENT | 07091363 | CHILD ABUSE (PRINCIPAL) | 06/06/2007 | MISD. | CLASS 1 MISDEMEANOR SS |

**Sentence Number: BC-001**
**Conviction Date: 10/26/2006**
**Service Status: EXPIRED**

**Punishment Type: ACTIVE SS**
**Sentence Type 1: DEPT OF CORR DIV OF PRISONS**
**Minimum Term:**

**Commitment Type: INMATE**
**County Of Conviction: GUILFORD**
**Sentence Begin Date: 10/26/2006**
**Actual Release Date: 01/14/2007**
**Projected Release Date: 01/14/2007**

**Maximum Term: 5 MONTHS**

## Previous Period of Incarceration Record

| Commitment | Docket# | Offense (Qualifier) | Offense Date | Type | Sentencing Penalty Class Code |
|---|---|---|---|---|---|
| INITIAL | 06073144 | AWDW (PRINCIPAL) | 03/19/2006 | MISD. | CLASS A1 MISDEMEAN- OR SS |

**Sentence Number: BB-001**
**Conviction Date: 08/23/2002**
**Service Status: EXPIRED**

**Punishment Type: ACTIVE SS**
**Sentence Type 1: DEPT OF CORR DIV OF PRISONS**
**Minimum Term: 8 MONTHS**

**Commitment Type: INMATE**
**County Of Conviction: FORSYTH**
**Sentence Begin Date: 05/21/2004**
**Actual Release Date: 11/08/2004**
**Projected Release Date: 11/08/2004**

### Previous Period of Incarceration Record

**Maximum Term: 10 MONTHS**

# Offender Sentence History

| Commitment | Docket# | Offense (Qualifier) | Offense Date | Type | Sentencing Penalty Class Code |
|---|---|---|---|---|---|
| INITIAL | 02058868 | FELONY B&E (PRINCIPAL) | 08/05/2002 | FELON | CLASS H |
| CONSOLIDATED FOR JUDGMENT | 02058868 | LARCENY OVER $1000 (PRINCIPAL) | 08/05/2002 | FELON | CLASS H |

Sentence Number: BB-002
Conviction Date: 09/13/2002
Service Status: EXPIRED
Punishment Type: ACTIVE SS
Sentence Type 1: DEPT OF CORR DIV OF PRISONS
Minimum Term: 8 MONTHS

Commitment Type: INMATE
County Of Conviction: FORSYTH
Sentence Begin Date: 11/08/2004
Actual Release Date: 08/16/2005
Projected Release Date: 08/16/2005

Maximum Term: 10 MONTHS

| Commitment | Docket# | Offense (Qualifier) | Offense Date | Type | Sentencing Penalty Class Code |
|---|---|---|---|---|---|
| CONSECUTIV TO SENTENCE NUMBER BB-001 | 02059764 | FELONY B&E (PRINCIPAL) | 08/05/2002 | FELON | CLASS H |
| CONSOLIDATED FOR JUDGMENT | 02059764 | LARCENY OVER $1000 (PRINCIPAL) | 08/05/2002 | FELON | CLASS H |

Sentence Number: BB-003
Conviction Date: 06/09/2004
Service Status: EXPIRED
Punishment Type: ACTIVE SS
Sentence Type 1: DEPT OF CORR DIV OF PRISONS
Minimum Term: 9 MONTHS

Commitment Type: INMATE
County Of Conviction: FORSYTH
Sentence Begin Date: 06/09/2004
Actual Release Date: 02/15/2005
Projected Release Date: 02/15/2005

Maximum Term: 11 MONTHS

| Commitment | Docket# | Offense (Qualifier) | Offense Date | Type | Sentencing Penalty Class Code |
|---|---|---|---|---|---|
| CONCURRENT TO SENTENCE NUMBER BB-001 | 04053192 | RECEIVING STOLEN VEHICLE (PRINCIPAL) | 03/12/2004 | FELON | CLASS H |

Sentence Number: BB-004
Conviction Date: 06/09/2004
Service Status: EXPIRED
Punishment Type: ACTIVE SS
Sentence Type 1: DEPT OF CORR DIV OF PRISONS

Commitment Type: INMATE
County Of Conviction: FORSYTH
Sentence Begin Date: 02/15/2005
Actual Release Date: 01/11/2006
Projected Release Date: 01/11/2006

# Offender Sentence History

| Commitment | Docket# | Offense (Qualifier) | Offense Date | Type | Sentencing Penalty Class Code |
|---|---|---|---|---|---|
| | | Minimum Term: 9 MONTHS | | Maximum Term: 11 MONTHS | |
| CONSECUTIV TO SENTENCE NUMBER BB*003 | 04053775 | FELONY B&E (PRINCIPAL) | 03/02/2004 | FELON | CLASS H |
| CONSOLIDATED FOR JUDGMENT | 04053775 | LARCENY AFTER B & E (PRINCIPAL) | 03/02/2004 | FELON | CLASS H |
| CONSOLIDATED FOR JUDGMENT | 04053776 | LARCENY OF MOTOR VEHICLE (PRINCIPAL) | 02/27/2004 | FELON | CLASS H |

Sentence Number: BB-005
Conviction Date: 09/30/2004
Service Status: EXPIRED

Commitment Type: INMATE
County Of Conviction: GUILFORD
Sentence Begin Date: 09/30/2004
Actual Release Date: 08/25/2005
Projected Release Date: 08/25/2005

Punishment Type: ACTIVE SS
Sentence Type 1: DEPT OF CORR DIV OF PRISONS
Minimum Term: 9 MONTHS          Maximum Term: 11 MONTHS

| Commitment | Docket# | Offense (Qualifier) | Offense Date | Type | Sentencing Penalty Class Code |
|---|---|---|---|---|---|
| CONCURRENT TO SENTENCE NUMBER BB*001 | 04071469 | SPEEDING ELUDE ARREST OR/ATTEM (PRINCIPAL) | 03/05/2004 | FELON | CLASS H |
| CONSOLIDATED FOR JUDGMENT | 04071471 | POSSESSING STOLEN GOODS (PRINCIPAL) | 03/05/2004 | FELON | CLASS H |
| CONSOLIDATED FOR JUDGMENT | 04071472 | RECKLESS DRIVING (PRINCIPAL) | 03/05/2004 | MISD. | CLASS 2 MISDEMEANOR SS |

Sentence Number: BA-001
Conviction Date: 10/05/2001
Service Status: EXPIRED

Commitment Type: INMATE
County Of Conviction: FORSYTH
Sentence Begin Date: 10/25/2002
Actual Release Date: 01/19/2003
Projected Release Date: 01/19/2003

Punishment Type: ACTIVE SS
Sentence Type 1: DEPT OF CORR DIV OF PRISONS
Sentence Type 2: PROBATION REVOCATION
Minimum Term: 5 MONTHS          Maximum Term: 6 MONTHS

## Previous Period of Incarceration Record

| Commitment | Docket# | Offense (Qualifier) | Offense Date | Type | Sentencing Penalty Class Code |
|---|---|---|---|---|---|
| INITIAL | 01059342 | FELONY B&E (PRINCIPAL) | 09/07/2001 | FELON | CLASS H |

# Offender Sentence History

**Sentence Number: BA-002**
Conviction Date: 12/01/1998
Service Status: EXPIRED

Commitment Type: INMATE
County Of Conviction: GRANVILLE
Sentence Begin Date: 11/06/2002
Actual Release Date: 01/21/2003
Projected Release Date: 01/21/2003

Punishment Type: ACTIVE SS
Sentence Type 1: DEPT OF CORR DIV OF PRISONS
Sentence Type 2: PROBATION REVOCATION
Minimum Term: 5 MONTHS                    Maximum Term: 6 MONTHS

| Commitment | Docket# | Offense (Qualifier) | Offense Date | Type | Sentencing Penalty Class Code |
|---|---|---|---|---|---|
| CONCURRENT TO SENTENCE NUMBER BA-001 | 98005213 | POSSESSING STOLEN GOODS (PRINCIPAL) | 10/20/1998 | FELON | CLASS H |

## Most Recent Period of Supervision Record

Commitment Type: PROBATION/PAROLE
County Of Conviction: FORSYTH

**Sentence Number: 04-001**
Conviction Date: 09/13/2002
Punishment Type: INTERMEDIATE SS
Sentence Type 1: PROBATION

| Commitment | Docket# | Offense (Qualifier) | Offense Date | Type | Sentencing Penalty Class Code |
|---|---|---|---|---|---|
| CONCURRENT TO SENTENCE NUMBER 03-001 | 02059764 | MISD B&E (PRINCIPAL) | 08/05/2002 | FELON | CLASS H |
| CONSOLIDATED FOR JUDGMENT | 02059764 | LARCENY AFTER B & E (PRINCIPAL) | 08/05/2002 | FELON | CLASS H |

Commitment Type: PROBATION/PAROLE
County Of Conviction: FORSYTH

**Sentence Number: 03-001**
Conviction Date: 08/23/2002
Punishment Type: INTERMEDIATE SS
Sentence Type 1: PROBATION

| Commitment | Docket# | Offense (Qualifier) | Offense Date | Type | Sentencing Penalty Class Code |
|---|---|---|---|---|---|
| CONCURRENT TO SENTENCE NUMBER 02-001 | 02058868 | MISD B&E (PRINCIPAL) | 08/05/2002 | FELON | CLASS I |
| CONSOLIDATED FOR JUDGMENT | 02058868 | LARCENY AFTER B & E (PRINCIPAL) | 08/05/2002 | FELON | CLASS H |
| CONSOLIDATED FOR JUDGMENT | 02058869 | FALSE RPT TO POLICE RADIO (PRINCIPAL) | 08/05/2002 | MISD. | CLASS 1 MISDEMEANOR SS |

# Offender Sentence History

**Commitment Type: PROBATION/PAROLE**

**Sentence Number: 02-001**
**Conviction Date: 10/05/2001**                    **County Of Conviction: FORSYTH**
**Punishment Type: INTERMEDIATE SS**
**Sentence Type 1: PROBATION**
**Sentence Type 2: SUSPENDED SENTENCE**
**Sentence Type 3: COUNTY JAIL**

| Commitment | Docket# | Offense (Qualifier) | Offense Date | Type | Sentencing Penalty Class Code |
|---|---|---|---|---|---|
| CONCURRENT TO SENTENCE NUMBER 01-001 | 01059342 | MISD B&E (PRINCIPAL) | 09/07/2001 | FELON | CLASS H |
| CONSOLIDATED FOR JUDGMENT | 01059342 | LARCENY (PRINCIPAL) | 08/20/2001 | FELON | CLASS H |
| CONSOLIDATED FOR JUDGMENT | 01059344 | POSSESSING STOLEN GOODS (PRINCIPAL) | 05/29/2001 | FELON | CLASS H |

**Commitment Type: PROBATION/PAROLE**

**Sentence Number: 01-001**
**Conviction Date: 12/01/1998**                    **County Of Conviction: GRANVILLE**
**Punishment Type: COMMUNITY SS (DCC)**
**Sentence Type 1: PROBATION**

| Commitment | Docket# | Offense (Qualifier) | Offense Date | Type | Sentencing Penalty Class Code |
|---|---|---|---|---|---|
| INITIAL | 98005213 | POSSESSING STOLEN GOODS (PRINCIPAL) | 10/20/1998 | FELON | CLASS H |